# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL J. JORDAN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Civil Case No. 08-846-MJR-PMF |
| LISA J. W. HOLLINGSWORTH, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Michael J. Jordan's §2241 petition for a writ of habeas corpus (Doc. No. 1). Jordan is currently confined at a half-way house in Nashville, Tennessee. He challenges the Bureau of Prisons' calculation of his 46-month federal prison term, claiming that he should have been awarded credit for 18 months served in pretrial custody. Pending at this time is petitioner's motion for summary judgment (Doc. No. 11).

Jordan seeks an order directing the Bureau of Prisons to award sentence credit for the 18-month period he was held in detention between February 3, 2006 (the date he was arrested and charged with a federal firearms offense) and August 10, 2007 (the date he was sentenced in federal court following a plea agreement). He maintains that such relief would require his immediate release.

On February 3, 2006, Jordan was arrested in Davidson County, Tennessee, and charged with a federal firearms violation. He has remained in custody since that date. Because he was serving a period of state parole at the time of arrest, part of his pretrial confinement was served in state custody after the state revoked Jordan's parole on March 30, 2006. While Jordan was serving the remainder of his state prison term, he appeared in federal court twice pursuant to writs of habeas corpus ad

prosequendum. On August 10, 2007, Jordan was sentenced in federal court pursuant to a plea agreement. The government did not oppose a federal sentence that would run along with Jordan's state sentence, which he was serving at the time. Jordan's state sentence expired on February 15, 2009.

Initially, the Bureau of Prisons calculated Jordan's 46-month federal term as commencing on the date sentence was imposed. Jail credit was applied for the period between February 3 and March 29, 2006. Additional credit was not awarded for time that had been credited against Jordan's state sentence. At that time, Jordan's release date was projected for October 17, 2010.

After Jordan exhausted his administrative remedies, the Bureau of Prisons sent correspondence to the sentencing court seeking clarification of the decision to impose a 46-month sentence. The sentencing judge entered an order serving to clarify that the 46-month prison term was intended to be offset by pretrial confinement, such that petitioner would serve a 28-month term of additional confinement. The Bureau promptly recalculated a new release date based on service of a 28-month prison term, with that calculation beginning on the sentencing date, August 10, 2007. The new calculation projected an August 29, 2009, release date. At some point after the recalculation, Jordan was transferred to a halfway facility.

Jordan maintains that the recalculation provides only a partial remedy. He believes he missed an opportunity to be integrated back into society through a residential reentry center and is entitled to immediate release. Respondent maintains that Jordan has received all the appropriate relief available and that his petition is moot.

Jordan may obtain habeas corpus relief under 28 U.S.C. § 2241(b)(3) if he is being held in

federal custody in violation of the Constitution or laws of the United States. Awards of prior custody credit are controlled by 18 U.S.C. § 3585(b), which provides,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> 1) as a result of the offense for which the sentence was imposed; or
> 2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S. C. § 3585(b). The last clause of the statute has been interpreted as prohibiting awards of double credit. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

The Bureau's recent recalculation is consistent with the sentencing court's clarification order, which reflects judicial intent to require only 28 months of additional federal incarceration following the imposition of the sentence. As noted above, Jordan has been transferred to a halfway house to aid his readjustment prior to release. The Court is not persuaded that Jordan is currently being held in violation of the Constitution or federal law.

IT IS RECOMMENDED that the petition and motion (Doc. Nos. 1, 11) be DENIED. This litigation should be DISMISSED.

**SUBMITTED: June 9, 2009 .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**